UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLENE ADAMS,<br><br>Plaintiff,<br><br>v.<br><br>TOYS 'R' US - DELAWARE, INC.,<br><br>Defendant. | Case No. 14-cv-05550-MEJ<br><br>**ORDER DENYING MOTION TO REMAND**<br><br>Re: Dkt. No. 9 |

## INTRODUCTION

Plaintiff Charlene Adams ("Plaintiff") filed this putative class action in Alameda County Superior Court, alleging that Defendant Toys 'R' Us-Delaware, Inc. ("Defendant") violated California labor laws by failing to reimburse its employees for mileage expenses. Compl. at 2, Dkt. No. 1-1. Defendant removed the case to this Court pursuant to 28 U.S.C. § 1332, alleging that the Court has original jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"). Not. of Rem. at 2-3, Dkt. No. 1. Now pending is Plaintiff's Motion to Remand the action to state court for failure to meet CAFA's amount in controversy requirement. Dkt. No. 9. The Court finds this matter suitable for disposition without oral argument and VACATES the March 5, 2015 hearing. *See* Fed. R. Civ. P. 78(b); Civil L.R. 7-1(b). Having considered the parties' positions, relevant legal authority, and the record in this case, the Court **DENIES** Plaintiff's Motion for the reasons set forth below.

**BACKGROUND**

Defendant is a Delaware corporation doing business in California by operating numerous retail stores throughout the state. Compl. ¶ 9. Plaintiff, a California resident, was employed by Defendant from March 2005 through November 2010 as a Key-Holder for Defendant's Dublin, California retail location, and from November 2010 through June 2013 as the Assistant Store Manager at Defendant's Fremont, California retail location. *Id.* ¶ 5. As a member of management, Plaintiff used her personal vehicle to perform interstore inventory transfers ("ISITs"), which included transporting inventory between stores, to replenish store supplies such as bags and computer paper, and travel to other businesses to make photocopies. *Id.* ¶ 1. Plaintiff alleges that Defendant employs "hundreds of employees as General Managers, Assistant Managers, Supervisors, and Key-Holders in California who travelled in their personal vehicles in order to perform ISITs on behalf of Defendants without reimbursement for the expense of mileage and wear and tear on the vehicle." *Id.* ¶ 12. She seeks to represent the following class:

> All current and former employees of Toys 'R' Us-Delaware, Inc. who were employed at retail locations in the State of California, and who were authorized to use their personal vehicle to transfer products between their primary store location and any of Defendants' other locations, on behalf of the Defendants . . . from November 12, 2010 through the conclusion of this action.

*Id.* ¶ 13. Plaintiff alleges that there are at least 2,000 class members. *Id.* ¶ 14.

Plaintiff filed her Complaint on November 12, 2014, alleging two causes of action: (1) failure to reimburse employees for required business expenses, Cal. Lab. Code § 2802, based on Defendant's failure to reimburse its employees for all mileage expenses; and (2) unfair business practices, Cal. Bus. & Prof. Code § 17200, et seq.

In the Jurisdiction and Venue section of her Complaint, Plaintiff alleges the following:

> The total amount in controversy of Plaintiff's individual claims is less than $30,000. In addition, Plaintiff asserts no claims arising under federal law. Rather, Plaintiff brings causes of action based solely on, and arising from, California law. The claims of the class are also individual claims for violations of California law described herein. The individual and class action claims are for failure to reimburse business-related expenses pursuant to Labor Code §2802, and California Business & Professions Code § 17200 et seq. seeking reimbursement of expenses, penalties, injunctive relief and other

1 equitable relief, and reasonable attorneys' fees and costs.

2 *Id.* ¶ 4.  The prayer for relief does not mention the amount in controversy, and Plaintiff's

3 Complaint is otherwise silent as to the possible amounts owed to other class members.  *Id.* ¶ 46.

4 Defendant removed the action to federal court on December 19, 2014.  Defendant's Notice

5 of Removal alleges that the amount in controversy exceeds $5 million.  Not. of Removal ¶ 8.  In

6 support, Defendant notes "the damages Plaintiff seeks in connection with the class members'

7 Labor Code § 2802 claim alone are $59,999,980.00," based on her individual damages claim of

8 less than $30,000 and "at least 2,000 class members."  *Id.* ¶¶ 20-21.  Defendant also notes that

9 Plaintiff's Complaint seeks an unspecified amount of attorneys' fees, which the Court may

10 consider in determining the amount in controversy.  *Id.* ¶ 22.

11 On January 16, 2015, Plaintiff moved to remand the action to state court.  Defendant filed

12 its Opposition on January 29, 2015.  Dkt. No. 10.

### LEGAL STANDARD

A defendant sued in state court may remove the action to federal court if the action could have been brought in federal court in the first instance.  28 U.S.C. § 1441(a).  Removal is generally based on the existence of either federal question jurisdiction or diversity jurisdiction. Federal question jurisdiction exists where the action "aris[es] under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and the case is between citizens of different states, or citizens of a state and citizens or subjects of a foreign state.  28 U.S.C. § 1332(a)(2).

CAFA allows for subject matter jurisdiction over class actions in which (1) the proposed class includes at least 100 members, (2) any member of a plaintiff class is of diverse citizenship from any defendant, and (3) the amount in controversy exceeds $5,000,000, exclusive of interest and costs.  28 U.S.C. § 1332(d).  Ordinarily, it "is presumed that a cause lies outside the limited jurisdiction of federal courts," *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006), and the Ninth Circuit "strictly construe[s] the removal statute against . . . jurisdiction," *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992).  However, as the Supreme Court recently explained, the rule is different in CAFA cases.  No "antiremoval presumption attends

cases invoking CAFA" because "Congress enacted [CAFA] to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. ___, 135 S. Ct. 547, 554 (2014). Thus, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* "CAFA's provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant." *Id.*

If, after removal, the plaintiff contests the defendant's allegations regarding the amount in controversy, then the court must decide by a preponderance of the evidence that the amount in controversy requirement is met. *Id.* at 553-54 (citing 28 U.S.C. § 1446(c)(2)(b)). The defendant bears the burden of proof. *Id.*; *Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 978 (9th Cir. 2013). Defendants need not "research, state, and prove the plaintiff's claim for damages," *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1148 (C.D. Cal. 2010), *aff'd* 631 F.3d 1010 (9th Cir. 2011), particularly since the question asks only what the plaintiff has "put in controversy," not how much the defendant should truly owe. *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). Nonetheless, because the standard is preponderance of the evidence, courts cannot base jurisdictional determinations on "speculative and self-serving assumptions" that are not suggested by the pleadings or supported by evidence. *Garibay v. Archstone Communities LLC*, 539 Fed. App'x 763, 764 (9th Cir. 2013); *Roth v. Comerica Bank*, 799 F. Supp. 2d 1107, 1118, 1127 (C.D. Cal. 2010) ("[W]hen applying the preponderance of the evidence standard to California Labor Code claims, many California district courts have refused to credit damage calculations based on variables not clearly suggested by the complaint or supported by evidence, concluding that the calculations are mere conjecture") (collecting cases).

If after reviewing the pleadings and evidence, a court finds it "more likely than not" that the plaintiff put over $5 million in controversy, remand is unwarranted. *Abrego*, 443 F.3d at 689. But if the pleadings and evidence do not establish the threshold jurisdictional amount by a preponderance of the evidence, the case must be remanded to state court. *Id.*; *Luna v. Kemira Specialty, Inc.*, 575 F. Supp. 2d 1166, 1172 (C.D. Cal. 2008).

**DISCUSSION**

There is no dispute that the class contains 100 or more putative class members and that there is at least minimal diversity between the parties. Thus, the Court's focus is to determine whether the amount in controversy more likely than not exceeds the sum or value of $5 million, exclusive of interest and costs. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996) (under the preponderance of the evidence standard, "the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount.") (citation omitted).

In her Motion, Plaintiff notes that she has not alleged a specific amount in controversy because "Defendant alone has access to the information necessary to make such calculation." Mot. at 3. Plaintiff maintains that Defendant knows which employees performed ISITs with their personal vehicles on which dates, the distance traveled in connection of each ISIT, and which ISITs Defendant did and did not reimburse, yet it failed to perform this calculation as part of its Notice of Removal. *Id.* at 6. She argues that, even if each putative class member drove five miles per week, every week for the putative class period, the amount of mileage expenses in controversy would only be $1,164,800.00.[1] *Id.*

In response, Defendant argues that it has met its obligation by stating in its notice of removal that "it is clear the amount in controversy in this action exceeds $5,000,000 exclusive of attorneys' fees, interests and costs." Opp'n at 3. Defendant notes that Plaintiff alleges the amount in controversy for her individual claim is less than $30,000 but greater than the unlimited jurisdictional amount of $25,000 under California Civil Procedure Code section 88, and she further alleges that there are "at least 2,000 class members" whose claims are typical of Plaintiff's claims. *Id.* (quoting Compl. ¶¶ 14-15). Since Plaintiff at no point alleges that the damages she sustained were atypical to the class, Defendant maintains it is reasonable to assume that the damages sought exceed $5,000,000. *Id.* at 4. Defendant further argues that, based on the Complaint, it is apparent that Plaintiff has placed over $59,000,000 in controversy because,

---

[1] (5 miles/week) x (IRS rate of 56 cents per mile) x (2,000 class members alleged in Plaintiff's complaint) x (52 weeks/year) x (4 years) = $1,164,800.00.

5

assuming the maximum amount for Plaintiff's individual claim of $29,999.99, multiplied by 2,000 class member claims that are typical of Plaintiff's, there is at least $59,999,980 in controversy. *Id.* Defendant agrees with Plaintiff that it did not make "numerous calculations and conduct an investigation into the allegations of Plaintiff's claims prior to removing." *Id.* However, it maintains that it has no duty to investigate facts outside of the four corners of the pleadings. *Id.*

Having reviewed the parties' arguments and the record in this case, the Court finds it more likely than not that Plaintiff has put over $5 million in controversy. In *Harris v. Bankers Life and Casualty Co.*, 425 F.3d 689 (9th Cir. 2005), the Ninth Circuit clarified whether any burden "lies with the defendant to investigate the necessary jurisdictional facts within the first thirty days of receiving an indeterminate complaint, or whether the determination be limited to the face of the initial pleading. *Id.* at 693. The Ninth Court concluded that "[n]otice of removability under 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry. *Id.* at 694. Thus, Defendant was under no duty to investigate the facts or make calculations as suggested by Plaintiff.

Further, although Plaintiff argues that Defendant's assertion that over $60,000,000 is at issue is based on an incorrect assumption, she fails to show that Defendant's allegation that the amount in controversy is over $5,000,000 is false. For purposes of the present motion, the Court need only determine whether the amount in controversy suggested by the allegations in Plaintiff's Complaint exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d). As noted above, Plaintiff gives the example that, even if each putative class member drove five miles per week, every week for the putative class period, the amount of mileage expenses in controversy would only be $1,164,800.00. However, this would mean that each class members' claim would total no more than $582.40. Given that Plaintiff's individual claim is at least $25,000, and there are "at least 2,000 class members," this would mean that each class member's claim would be only 2.33% of the value of Plaintiff's claim. As Plaintiff alleges that her "claims are typical of the claims of the members of the Class," this disparity seems unlikely. Compl. ¶ 15. The Court also notes that Plaintiff's calculation does not include the unspecified amount of costs and attorneys' fees she will seek, which are included as "necessary expenditures or losses" under California Labor Code

section 2802.

Thus, as it appears more likely than not at this stage in the litigation that Plaintiff has put over $5 million in controversy, and CAFA was meant to facilitate removal, remand is unwarranted.

## CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's Motion to Remand.

**IT IS SO ORDERED.**

Dated: January 29, 2015

_____
MARIA-ELENA JAMES
United States Magistrate Judge